\*\*Original filed 3/22/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CRAIG GERSTNER, | ) | No. C 05-2763 JF (PR) |
| | ) | |
| | ) | ORDER DENYING |
| | ) | MOTION FOR SERVICE |
| Plaintiff, | ) | WITHOUT PREJUDICE; |
| | ) | DENYING MOTION FOR |
| | ) | APPOINTMENT OF |
| | ) | COUNSEL; DENYING |
| v. | ) | MOTION FOR |
| | ) | CERTIFICATION OF |
| | ) | CLASS ACTION; |
| | ) | DENYING MOTION FOR |
| | ) | PRELIMINARY |
| | ) | INJUNCTION; |
| J. WOODFORD, et. al., | ) | DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| | ) | AS TO PLAINTIFF |
| | ) | GERSTNER; DISMISSING |
| Defendants. | ) | REMAINING PLAINTIFFS |
| | ) | WITHOUT PREJUDICE |
| | ) | |
| _____ | ) | (Docket Nos. 3, 4, 5, 7) |

Plaintiff Craig Gerstner, a state prisoner proceeding <u>pro se</u>, filed this civil rights action along with other inmate Plaintiffs, on behalf of himself and behalf of all inmates who are or will be confined at the Correctional Training Facility (CTF) in Soledad, California. Plaintiff Gerstner, the only named Plaintiff, has filed several motions including a motion for service, motion for appointment of counsel, motion for

certification of class action, and a motion for a preliminary injunction. The Court concludes that this action cannot proceed as a class action and will therefore DENY Plaintiff's motion for class certification (docket no. 5) and dismiss all Plaintiffs without prejudice except for the named Plaintiff, Craig Gerstner. The Court will DENY Plaintiff's motion for service (docket no. 3) without prejudice and DENY Plaintiff's motion for appointment of counsel (docket no. 4) without prejudice. The Court will DENY Plaintiff's motion for preliminary injunction (docket no. 7) without prejudice. The Court will dismiss the complaint with leave to amend as to Plaintiff Gerstner to file an amended complaint including all of the claims he wishes to present containing allegations pertaining to himself only.

## DISCUSSION

A.   Class Certification and Joinder

Plaintiff Gerstner filed this action on behalf of himself and additional Plaintiffs, members of the Mens Advisory Council at CTF, purporting to represent all inmates who are or will be confined at the Correctional Training Facility, concerning the alleged unconstitutional taking and misappropriation of their Inmate Welfare Fund (Trust Fund) at the prison. See Complaint at 3. Plaintiff Gerstner filed a motion for certification of a class action pursuant to Federal Rule of Civil Procedure 23(b). The prerequisites to maintenance of a class action are that: (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests. See Fed. R. Civ. P. 23(a). Pro se prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"), so class certification may be denied on that basis, see

Griffin v. Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that pro se prisoner cannot adequately represent class). Therefore, this action cannot proceed as a class action. Accordingly, Plaintiff Gerstner's motion for certification of a class action (docket no. 5) is DENIED. The additional Plaintiffs, members of the Mens Advisory Council at CTF, are DISMISSED as Plaintiffs from this action without prejudice.

Plaintiff Gerstner, the named Plaintiff, may proceed with this action. However, he must first file an amended complaint containing allegations pertaining to himself only. The current complaint containing allegations pertaining to all Plaintiffs is DISMISSED without prejudice. The amended complaint must be simple and concise and must include the civil case number used in this order (C 05-2763 JF (PR)) and the words "AMENDED COMPLAINT" on the first page. Failure to file a proper amended complaint **within thirty days** of the date of this order will result in the dismissal of this action without prejudice. The Court will enclose a copy of the civil rights complaint form with this order. Plaintiff's motion for service of the complaint (docket no. 3) is DENIED without prejudice.

B.   Motion for Appointment of Counsel

Plaintiff Gerstner filed a motion for appointment of counsel. Plaintiff requests appointment of counsel because he is unable to afford counsel, the issues involved are complex, he requests class certification which will involve representing the interests of thousands of class members, and he has limited knowledge of the law. See Pl.'s Mot. at 1-2. However, there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

1    The court may ask counsel to represent an indigent litigant under § 1915 only in
2 "exceptional circumstances," the determination of which requires an evaluation of both
3 (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate
4 his claims pro se in light of the complexity of the legal issues involved.  See Rand v.
5 Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017
6 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of
7 these factors must be viewed together before reaching a decision on a request for counsel
8 under § 1915.  See id.  Neither the need for discovery, nor the fact that the pro se litigant
9 would be better served with the assistance of counsel, necessarily qualify the issues
10 involved as complex.  See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery
11 was comprehensive and focused and his papers were generally articulate and organized,
12 district court did not abuse discretion in denying request for counsel).  Because the Court
13 has dismissed the instant complaint with leave to amend, the Court concludes that
14 appointment of counsel is not necessary at this time.  Accordingly, Plaintiff's motion for
15 appointment of counsel (docket no. 4) is DENIED without prejudice.

16 C.    Motion for Preliminary Injunction

17    Plaintiff Gerstner filed a motion for a preliminary injunction requesting that the
18 Court prohibit Defendant Barker and others from conducting searches of the Mens
19 Advisory Council's office at CTF and from seizing Plaintiff's evidence in this action.

20    The Ninth Circuit has held that requests for injunctive relief may be based upon
21 either of two sets of criteria.  The "traditional" test requires the movants to: (1) establish a
22 strong likelihood of success on the merits; (2) show the possibility of irreparable injury to
23 the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships
24 favoring the movants[1]; and (4) show that granting the injunction favors the public interest.

---

[1] The district court cannot properly balance the hardships without taking into account the hardship, or lack of hardship, to the non-movants.  Armstrong v. Mazurek, 94 F.3d 566, 568 (9th Cir. 1996).

1  Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200
2  (9th Cir. 1980).

3     The "alternative" test requires that the movants demonstrate either a combination
4  of probable success on the merits and the possibility of irreparable injury, or that serious
5  questions are raised and the balance of hardships tips sharply in their favor.  See
6  Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990); Alaska v. Native Village of
7  Venetie, 856 F.2d 1384, 1388 (9th Cir. 1988); American Motorcyclist Ass'n v. Watt, 714
8  F.2d 962, 965 (9th Cir. 1983).  These two formulations represent two points on a sliding
9  scale in which the required degree of irreparable harm increases as the probability of
10 success decreases.  Diamontiney, 918 F.2d at 795.  At the very least, however, the moving
11 party must show a fair chance of success on the merits.  Armstrong v. Mazurek, 94 F.3d
12 566, 567 (9th Cir. 1996).

13     The Court concludes that Plaintiff has not shown sufficient facts to establish that
14 he actually faces irreparable harm at this time.  The Court has yet to review the merits of
15 the complaint and Plaintiff has not shown his probable success on the merits.  Therefore,
16 Plaintiff's motion for a preliminary injunction (docket no. 7) is DENIED without
17 prejudice.

## CONCLUSION

19     1.    Plaintiff Gerstner's motion for certification of a class action (docket no. 5)
20 is DENIED.  The additional Plaintiffs, members of the Mens Advisory Council at CTF,
21 are DISMISSED as Plaintiffs from this action without prejudice.

22     2.    As to Plaintiff Gerstner, the complaint is hereby DISMISSED with leave to
23 amend, as indicated above, **within thirty days** from the date this order is filed.  The
24 amended complaint must include the caption and civil case number used in this order
25 (C 05-2763 JF (PR)) and the words "AMENDED COMPLAINT" on the first page.
26 Because an amended complaint completely replaces the original complaint, Plaintiff must
27 include in it all the claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258,

28

Order Denying Motion for Service Without Prejudice; Denying Motion for Appointment For Counsel; Denying Motion for
Certification of Class Action; Denying Motion for Preliminary Injunction; Dismissing Complaint with Leave to Amend as to
Plaintiff Gerstner; Dismissing Remaining Plaintiffs Without Prejudice
P:\pro-se\sj.jf\cr.05\Gerstner763dwltamisc      5

1 | 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Plaintiff may not incorporate any
2 | material from the original complaint by reference. Plaintiff must include all
3 | documentation and supporting information with the amended complaint. **Failure to**
4 | **amend within the designated time will result in the dismissal of the complaint**
5 | **without prejudice**.

6      3.    Plaintiff's motion for service of the complaint (docket no. 3) is DENIED
7 | without prejudice.

8      4.    Plaintiff's motion for appointment of counsel (docket no. 4) is DENIED
9 | without prejudice.

10     5.    Plaintiff's motion for preliminary injunction (docket no. 7) is DENIED
11 | without prejudice.

12     6.    As to Plaintiff Gerstner, it is his responsibility to prosecute this case.
13 | Plaintiff must keep the Court informed of any change of address by filing a separate paper
14 | with the Clerk headed "Notice of Change of Address." He must comply with the Court's
15 | orders in a timely fashion or ask for an extension of time to do so. Failure to comply may
16 | result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b)

17     IT IS SO ORDERED.
18 | DATED: 3/21/06

           JEREMY FOGEL
19        United States District Judge

1 | This is to certify that on   3/22/06  , a copy of this ruling was mailed to the following:

3 | Craig Gerstner
E-59690
EW-228L
CTF - Soledad
P.O. Box 689
Soledad, CA 93960-0689

Order Denying Motion for Service Without Prejudice; Denying Motion for Appointment For Counsel; Denying Motion for Certification of Class Action; Denying Motion for Preliminary Injunction; Dismissing Complaint with Leave to Amend as to Plaintiff Gerstner; Dismissing Remaining Plaintiffs Without Prejudice
P:\pro-se\sj.jf\cr.05\Gerstner763dwltamisc

7